<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELA JOAQUIN, on behalf of herself and others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>DIRECTV GROUP HOLDINGS, INC., et al.,<br><br>     Defendants. | Civil Action No. 15-8194 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court on Defendants Julie Cohen Lonstein and Lonstein Law Offices, P.C.'s (collectively, the "Lonstein Defendants") Motion for Reconsideration. (ECF No. 48.) Plaintiff Angela Joaquin ("Plaintiff") opposed. (ECF No. 55.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Lonstein Defendants' Motion for Reconsideration is DENIED.

**I.  <u>Background</u>**

  On October 16, 2015, Plaintiff filed a four-count Complaint in New Jersey Superior Court, alleging: (1) violations of the New Jersey Consumer Fraud Act under N.J.S.A. § 56:8-2; (2) violations of the New Jersey Cable Television Act under N.J.S.A. § 48:5A-1; (3) violations of the New Jersey RICO statute under N.J.S.A. § 2C:41-2(a) ("NJ RICO"); and (4) common law fraud. (Compl., ECF No. 1-3.) Defendant DIRECTV, LLC (improperly pled as DIRECTV Group

Holdings, Inc.) ("DIRECTV") removed the action to this Court on November 20, 2015. (Notice of Removal, ECF No. 1.)

The Lonstein Defendants, Verizon Communications, Inc. ("Verizon"), and DIRECTV (collectively, "Defendants") filed motions to stay and compel arbitration in January 2016. (ECF Nos. 15, 16, 17, respectively.) The Court granted Verizon and DIRECTV's motions and denied the Lonstein Defendants' motion on August 30, 2016. (ECF No. 40.) Accordingly, the case was stayed and administratively terminated pending completion of arbitration. (*Id.*)

In response, Plaintiff voluntarily dismissed all claims with respect to DIRECTV and Verizon on September 1, 2016 (ECF No. 41), and requested that the Court lift the stay and reinstate the case (ECF No. 42). Upon review of Plaintiff's request, the Court lifted the stay and reopened the case. (ECF No. 43.) The Lonstein Defendants filed the instant Motion for Reconsideration on September 12, 2016, requesting that the Court reinstitute the stay and administratively terminate the case pending resolution of the arbitration between Plaintiff, Verizon, and DIRECTV. (ECF No. 48.)

## II.   Legal Standard

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See*

*Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

### III. Parties' Positions

The Lonstein Defendants argue that, because they were not afforded the opportunity to respond to Plaintiff's request to lift the stay, the Court should reconsider its previous ruling and reinstitute the stay. (Lonstein Defs.' Moving Br. 3, ECF No. 50.) The Lonstein Defendants further argue that the Court possesses the discretion to exercise control over its docket and that it is in the interest of judicial economy to stay cases where the issues being litigated are identical to the issues being arbitrated. (*Id.* at 3-4.) Accordingly, the Lonstein Defendants assert that Plaintiff intends to arbitrate her disputes with Verizon and DIRECTV, and that simultaneous litigation with the Lonstein Defendants would result in duplicate discovery. (*Id.* at 4-5.)

In opposition, Plaintiff argues that the Lonstein Defendants have failed to establish the narrow circumstances in which a motion for reconsideration is appropriate. (Pl.'s Opp'n Br. 1, ECF No. 55.) Plaintiff further asserts that she does not intend to arbitrate her claims against Verizon and DIRECTV. (*Id.* at 2-3.)

### IV. Discussion

Here, the Lonstein Defendants are asking the Court to rethink what it has already thought through. The Court, based on its inherent authority to control its own docket, determined that it was appropriate to lift the stay and reopen the case. To the extent that the Lonstein Defendants contend that the Court did not consider judicial economy or the potential for duplicate discovery if Plaintiff were to arbitrate her claims, the Court has carefully considered the Lonstein Defendants' submissions in connection with their Motion for Reconsideration. Nonetheless, the

Court exercises its discretion and determines that its decision to lift the stay and reopen the case was proper. Accordingly, the Court finds that the Lonstein Defendants have failed to establish an intervening change in controlling law, new evidence not previously available, or a clear error of law or manifest injustice. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The Court, therefore, denies the Lonstein Defendants' Motion for Reconsideration.

## V.  Conclusion

For the reasons set forth above, the Lonstein Defendants' Motion for Reconsideration is DENIED. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 5th, 2017