UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

June 27, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re:   *Joaquin v. Lonstein Law Office, P.C., et al.*
      Civil Action No. 15-8194 (MAS) (DEA)

Dear Counsel:

    This matter comes before the Court on Motions to Dismiss filed by Defendants Lonstein Law Office, P.C., Julie Cohen Lonstein, and Wayne Lonstein (collectively, the "Lonstein Defendants") (ECF No. 62), and Signal Auditing, Inc. and Steven Levine (collectively, the "Signal Defendants") (the Lonstein Defendants and the Signal Defendants, collectively, "Defendants") (ECF No. 68). Defendants also filed Motions to Strike Exhibit A of the Second Amended Complaint and Motions to Stay Discovery. (ECF Nos. 62, 68.) Plaintiff Angela Joaquin ("Plaintiff") filed opposition (ECF No. 69) and Defendants replied (ECF Nos. 70, 71). Additionally, Plaintiff submitted correspondence objecting to a portion of the Lonstein Defendants' Reply Brief (ECF No. 73) and the Lonstein Defendants filed correspondence in response (ECF No. 74). Upon the Court's request, Plaintiff filed a sur-reply brief solely concerning the Noerr-Pennington Doctrine. (ECF No. 78.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' Motions are GRANTED in part and DENIED in part.[1]

    Plaintiff's Second Amended Complaint consists of two counts: (1) violation of the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-2; and (2) violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO"), N.J.S.A. 2C:41-2. With respect to Count One, the Court agrees with Defendants that Plaintiff has failed to plead a viable CFA claim. "Under the CFA, '[t]he misrepresentation has to be one which is material to the transaction . . . made to induce the buyer to make the purchase.'" *Depolink Court Reporting & Litig. Support Servs. v. Rochman*, 64 A.3d 579, 587 (N.J. Super. Ct. App. Div. 2013) (alteration in original) (quoting *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 366 (N.J. 1997)). Here, Plaintiff fails to allege that Defendants' purported misrepresentations were made to induce Plaintiff to subscribe to DIRECTV.

---

[1] The Court set forth the facts of this case in a prior Memorandum Opinion (ECF No. 39), and will not do so here.

Plaintiff argues the general proposition that the CFA applies to "post-sale conduct." (Pl.'s Opp'n Br. 11-13, ECF No. 69.) The CFA only applies to certain types of post-sale conduct, however, and Plaintiff fails to offer any analysis as to why the *specific* post-sale conduct alleged in the Second Amended Complaint is subject to the CFA. Significantly, under New Jersey law, "the CFA is inapplicable to [a] . . . claim against [a] collection agency [where] any misrepresentations by the collection agency, even if made, were not in connection with the sale of merchandise to [the] [claimant]." *Depolink*, 64 A.3d at 587-88. Accordingly, "[d]ebt collection activities on behalf of a third party who may have sold merchandise" does not give rise to liability under the CFA. *Id.* at 588. This District has similarly determined that correspondence threatening suit and fraudulently accusing a plaintiff of violating licensing rights does not involve a sale of merchandise as required under the CFA. *Joe Hand Promotions, Inc. v. Mills*, 567 F. Supp. 2d 719, 723-26 (D.N.J. 2008). Here, Defendants' allegedly fraudulent attempts to collect for unpaid subscription fees were conducted on behalf of a third party—DIRECTV—and did not involve the sale of merchandise to Plaintiff. The Court, accordingly, grants Defendants' Motions to Dismiss with respect to Count One.

On the other hand, the Court agrees with Plaintiff with respect to Count Two, and finds that Plaintiff has adequately pled a claim under NJ RICO. As outlined in Plaintiff's Opposition Brief, the Court notes the differences between the New Jersey and Federal RICO statutes, namely the more liberal construction under New Jersey law. *See New Jersey v. Ball*, 661 A.2d 251, 257-71 (N.J. 1995). In light of the parties' arguments, the Court finds that Plaintiff has adequately pled Count Two under the heightened pleading standard set forth under Federal Rule of Civil Procedure 9(b). Additionally, based on the parties' limited briefing on the issue of standing, the Court finds that Plaintiff has adequately established standing under NJ RICO. *See Desmond v. Siegel*, No. 10-5562, 2012 WL 3228681, at *7-8 (D.N.J. Aug. 6, 2012).

The Court further considered the applicability of the Noerr-Pennington Doctrine, which was first raised in the Lonstein Defendants' Reply Brief. (Lonstein Defs.' Reply Br. 11-13, ECF No. 70.) Upon review of the parties' limited briefing on the issue, the Court finds that Defendants have not adequately demonstrated the applicability of the Noerr-Pennington Doctrine.[2] Accordingly, the Court denies Defendants' Motions to Dismiss with respect to Count Two.

With regard to Defendants' Motions to Strike, Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Defendants argue that Exhibit A to the Second Amended Complaint is irrelevant to the present case. (Lonstein Defs.' Moving Br. 22-23, ECF No. 62-6; Signal Defs.'

---

[2] The Signal Defendants did not raise the Noerr-Pennington Doctrine and the Lonstein Defendants raised the issue for the first time in their Reply Brief. In the Reply Brief, the Lonstein Defendants provided limited analysis that primarily relied on Ninth Circuit precedent for the proposition that attorney demand letters are subject to immunity. (*See* Lonstein Defs.' Reply Br. 11-13.) In her Sur-Reply Brief, Plaintiff submitted contrary precedent in other Circuits and also argued that the sham exception applies to her claims. (Pl.'s Sur-Reply Br. 2-12, ECF No. 78.) The Lonstein Defendants, however, never discussed the sham exception doctrine and did not have the opportunity to respond due to their failure to raise the Noerr-Pennington Doctrine in their moving papers.

Moving Br. 13-14, ECF No. 68-1.) Exhibit A is a declaration by Craig Spencer, who owns a company that installs DIRECTV equipment and signs residential and commercial consumers to DIRECTV subscriptions. (Second Am. Compl., Ex. A, ECF No. 59.) According to Craig Spencer's declaration, which was originally submitted in a separate litigation involving different subscribers from the instant action, Julie Lonstein engaged in improper conduct in a similar dispute. (*Id.*) Specifically, this other dispute also involved the false identification of a business owner as an unauthorized commercial user of DIRECTV's services. (*Id.*)

Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (citation omitted). The Court has "considerable discretion" in deciding a Rule 12(f) motion. *Id.* Upon review of Exhibit A to the Second Amended Complaint, the Court denies Defendants' Motion to Strike.

Finally, the Court considers Defendants' Motions to Stay Discovery. Defendants argue that upon dismissal of the Second Amended Complaint, the Court should stay discovery. (Lonstein Defs.' Moving Br. 23-24; Signal Defs.' Moving Br. 14.) Because Count Two survives Defendants' Motions to Dismiss, the Court denies Defendants' Motions to Stay Discovery.

Accordingly, for the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss with respect to Count One and DENIES Defendants' Motions to Dismiss as to Count Two. Additionally, the Court DENIES Defendants' Motions to Strike and DENIES Defendants' Motions to Stay Discovery.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE