CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

September 7, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re: *Angela Joaquin v. Lonstein Law Office, P.C., et al.*
Civil Action No. 15-8194 (MAS) (DEA)

Dear Counsel:

    This matter comes before the Court on Defendants Signal Auditing, Inc. and Steven Levine's correspondence (ECF No. 84), on behalf of themselves and Defendants Lonstein Law Offices, P.C., Julie Cohen Lonstein, and Wayne Lonstein (collectively "Defendants") requesting the Court reconsider its July 27, 2017 Letter Opinion and Order (ECF Nos. 79, 80). In response, Plaintiff Angela Joaquin ("Plaintiff") filed correspondence highlighting the procedural deficiencies in Defendants' submission as well as the lack of any legal arguments or citations. (ECF No. 86.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' request for reconsideration is DENIED.

    As an initial matter, Defendants' submission fails to meet the procedural requirements of a motion for reconsideration. Local Civil Rule 7.1 specifically requires that the party seeking reconsideration submit "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . filed with the Notice of Motion." *See* L. Civ. R. 7.1(i). Here, Defendants' request is procedurally deficient as Defendants failed to submit a notice of motion or a supporting brief with the required information.

    Notwithstanding the procedural deficiencies, Defendants' request is denied. Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) "an intervening change in controlling law"; (2) "[new] evidence not previously available"; or (3) "to correct a clear error of law or prevent manifest injustice." *See id.* (citation omitted). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the [C]ourt to rethink what it ha[s] already thought through[.]" *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (second alteration in original) (citation omitted). Here, Defendants have not submitted any valid basis for the Court to reconsider its decision. In fact, in support of their argument, Defendants specifically refer the Court back to

the motion papers that were previously considered by the Court. (ECF No. 84.) The Court therefore finds that Defendants fail to demonstrate a valid basis for reconsideration.

Accordingly, for the foregoing reasons, Defendants' request for reconsideration is DENIED.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**