UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re: *Angela Joaquin v. Lonstein Law Offices, P.C., et al.*
Civil Action No. 15-08194 (MAS) (DEA)

Dear Counsel:

This matter comes before the Court on Plaintiff Angela Joaquin's ("Plaintiff") Motion to Certify Class (ECF No. 101), Defendants Lonstein Law Office, Wayne Lonstein, and Julie Lonstein's (collectively, the "Lonstein Defendants") Motion for Summary Judgment (ECF No. 105), and Defendants Signal Auditing, Inc. and Steven Levine's (collectively, the "Signal Defendants") Motion for Summary Judgment (ECF No. 109). The Court has reviewed the parties' submissions and reserves judgment on the merits of the parties' motions until the parties resolve the pending discovery disputes.

**I.   Procedural History**

On October 31, 2016, Plaintiff filed a two-count amended complaint against Lonstein Defendants and Signal Defendants, with the first count alleging violations of the Consumer Fraud Act, and the second count alleging violations of the New Jersey Racketeer Influenced and Corrupt Organizations Act. (Second Am. Compl. ("SAC") ¶¶ 62–71, 72–85, ECF No. 59.) On June 27, 2017, the Court dismissed the first Count. (June 27, 2017 Order, ECF No. 80.)

On July 17, 2018, Plaintiff moved to certify a class pursuant to Federal Rule of Civil Procedure 23. (Mot. to Certify Class, ECF No. 101.) Plaintiff's proposed class definition ("Class Certification Definition") is as follows:

> All owners of New Jersey businesses who, at any time on or after September 9, 2010, were sent correspondence by the Lonstein Defendants regarding allegedly unauthorized use by the business of residential or non-commercial DirecTV satellite television services, and whose DirecTV service was installed at the business location and authorized for a residential or non-commercial account, *and who did not pay any amounts in resolution, remuneration, or settlement.*

(Pl.'s Mov. Br. 4–5, ECF No. 101-1.)

Plaintiff's proposed class is based on a list produced by Lonstein Defendants ("Proposed Class List"). The Proposed Class List appears to contain 245 rows of entries with all information redacted from the list except for a column of numbers identifying each row. (Decl. of Henry Wolfe, Ex. B, ECF No. 101-2.) Plaintiff asserts that Lonstein Defendants "agree[d] to provide a 'redacted list' of a subset of the proposed class, consisting of business owners, who, like the Plaintiff, did not make any payments in response to demand letters . . . ." (Pl.'s Mov. Br. 3.) Plaintiff further asserts that the Lonstein Defendants' response to Interrogatory #2 supports her view that the Proposed Class List fits the proposed Class Certification Definition. Interrogatory #2 read as follows:

> Please identify each person who meets the definition of the proposed [class] as set forth at ¶ 40 of the Complaint, indicating the total number of such persons.[1]

(Decl. of Henry Wolfe, Ex. A, at 2.)

Lonstein Defendants' response to Interrogatory #2 included numerous objections to the Interrogatory and agreed to:

> [P]roduce a redacted list of individuals and businesses similarly situated to Plaintiff in that they received a letter from the Lonstein Law Offices outlining their unauthorized use of *cable programming* and did not pay any amounts in resolution, remuneration, or settlement.

(*Id.* at 3 (emphasis added).) In sum, Plaintiff argues that the Class Certification Definition has been narrowed from the definition in the SAC to conform with the Proposed Class List produced by Lonstein Defendants in response to Interrogatory #2. (Pl.'s Mov. Br. 4–5.)

Signal Defendants object to Plaintiff's usage of the Proposed Class List. Specifically, they assert that Plaintiff misconstrues the record and that there are differences between the Proposed Class List and the Class Certification Definition. (Signal Defs.' Opp'n Br. 5–7, ECF No. 112.) Signal Defendants argue that there is no evidence in the record that the Proposed Class List is a list of: (i) "[i]ndividuals or businesses who received correspondence from the Lonstein Defendants *on or after a particular date*;" (ii) "[i]ndividuals or businesses who were told that their unauthorized use was 'by the business of residential or non-commercial *DirecTV satellite television services*'" and (iii) "[i]ndividuals or businesses 'whose *DirecTV service* was installed at

---

[1] As Lonstein Defendants noted in the interrogatory response, the interrogatory incorrectly references paragraph 40. Plaintiff's class definition is located in paragraph 49 of the Second Amended Complaint and reads as follows:

> All owners of New Jersey businesses who, at any time on or after September 9, 2010, were sent correspondence by the Lonstein Defendants regarding allegedly unauthorized use by the business of residential or non-commercial DirecTV satellite television services, and whose DirecTV service was installed at the business location and authorized for a residential or non-commercial account. (SAC ¶ 49.)

the business location and authorized for a residential or non-commercial account.'" (*Id.* at 12 (emphasis added).) Signal Defendants also submitted deposition testimony in which they say Plaintiff's Counsel acknowledges the differences between the interrogatory and the Proposed Class List. (*See id.* at 11.)

In response to Signal Defendants' objections to the Proposed Class List, Plaintiff requests that the Court grant her an inference regarding the redacted list arguing that "because the list was produced in response to an interrogatory calling for a list of people who meet the class definition, it may be inferred that that is what the list contains . . . ." (Pl.'s Reply Br. 3, ECF No. 121 (emphasis omitted).) Plaintiff, alternatively, requests the Court to compel Lonstein Defendants to produce a list responsive to the interrogatory. (*Id.* at 4.) Lonstein Defendants object to the grant of an inference and argue that discovery should not be reopened considering Plaintiff's ample opportunity to correct any deficiencies.[2] (Lonstein Defs.' Sur-Reply 2, ECF No. 128.)

## II. Analysis

The record before the Court regarding the content of the Proposed Class List is unclear and appears muddled. In response to Plaintiff's interrogatory, Lonstein Defendants agreed to produce a list that deviated from the interrogatory in obvious ways. Conspicuously absent from Lonstein Defendants' response is Plaintiff's date limitation of "any time on or after September 9, 2010." (*See* SAC ¶ 49.) Also, Lonstein Defendants' response purports to limit the list to individuals or businesses who received letters related to *cable* programming. (Decl. of Henry Wolfe, Ex. A, at 3.) Such a restriction is questionable because a substantial portion of Plaintiff's allegations are related to DirecTV—a *satellite* programming provider—and the proposed class definition contained in the SAC explicitly references DirecTV's services. (*See generally*, SAC.)

The Lonstein Defendants agreed to produce a list of individuals who received letters related to cable programming. During her deposition, however, Julie Lonstein stated, "we don't bring any claims for misuse of cable . . . ." (Signal Defs.' Opp'n Br. 10.) The Signal Defendants oppose class certification, in part, based on discrepancies between the Proposed Class List and Proposed Class Definition. The Signal Defendants' objections to the Proposed Class List appear to be well-founded as the discrepancies between the Proposed Class List and the Proposed Class Definition are obvious. If there are discrepancies, however, it would appear the Lonstein Defendants created the discrepancies by narrowing the scope of their response to Interrogatory #2.

The Federal Rules of Civil Procedure make clear that "[i]nterrogatories and production requests should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a) [of Rule 37]." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 709 (D.N.J. 2015) (quoting 8B Wright, Miller & Marcus, Federal Practice and Procedure § 2177 (3d ed.)). Moreover, "[i]nterrogatories must be answered directly and without evasion based on information the party possesses after due inquiry." (*Id.* at 705 (citation omitted).) "Evasive or cryptic answers are ordinarily insufficient but each answer must be read in the light of the question in deciding its sufficiency." 8B Wright, Miller & Marcus, Federal Practice and

---

[2] The Court granted the Lonstein Defendants and Signal Defendants leave to file Sur-Replies regarding Plaintiff's requests. (Oct. 2, 2018 Order, ECF No. 127.)

Procedure § 2177 (3d ed.). Federal Rule of Procedure 37(a) ("Rule 37") allows a party to move the Court to compel disclosures and provides for sanctions for a party's intransigence during discovery. *See* Fed. R. Civ. P. 37.

The Court is troubled by the conflict between Julie Lonstein's deposition testimony and Lonstein Defendants' response to Interrogatory #2. If the Lonstein Law Office does not bring claims for misuse of cable (as distinguished from satellite programming) and Lonstein Defendants produced a list related to individuals who received correspondence "from the Lonstein Law Offices outlining [the recipient's] unauthorized use of cable programming," then the Court cannot reconcile the two absent an adequate explanation from the Lonstein Defendants. (Signal Defs.' Opp'n. Br. 8.)

In addition, Plaintiff's failure to avail herself of the relief permissible under Rule 37 has contributed to the current state of the record. Plaintiff could have moved to compel Lonstein Defendants to answer Interrogatory #2. Plaintiff could also have identified the obvious and material discrepancies between the different pieces of discovery proffered by the Lonstein Defendants and brought a motion to compel and potentially for sanctions. Instead, Plaintiff allowed discovery to close with the record in its current state. Plaintiff's request for an inference or to compel the Lonstein Defendants to produce a list responsive to Interrogatory #2, therefore, appears belated.

Nevertheless, due to the concerns raised by the current record, and based on the Court's inherent authority to control the matters on its docket, the Court finds good cause to terminate Plaintiff's Motion to Certify Class and Defendants' Motions for Summary Judgment. Given Judge Arpert's familiarity with the course of discovery, including the previous discovery disputes between the parties, the Court finds that he is the appropriate adjudicator of the current discovery-based dispute. The Court expresses no views as to the appropriate resolution of the current dispute.

Based on the foregoing, and for other good cause shown,

**IT IS** on this 31st day of January, 2019 **ORDERED** that:

1. By **February 14, 2019,** Plaintiff may move before Judge Arpert for appropriate relief.

2. Plaintiff's Motion to Certify Class (ECF No. 101) is **TERMINATED**.

3. The Lonstein Defendants' and the Signal Defendants' Motions for Summary Judgment (ECF Nos. 105, 109) are **TERMINATED**.

4. The Parties shall e-file joint correspondence with the Court within seven (7) days of Judge Arpert's decision, at which time the Court will enter an appropriate order.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4